UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ESMAT ZAKLAMA,

        Plaintiff,

v.

FRANK M. LEANZA, et al.

        Defendant.

Civil Action No. 06-2001 (JAP)

**OPINION**

      Plaintiff, Esmat Zalkama, proceeding *pro se*, brings this action against the Town of Guttenberg and certain town officials[1] alleging civil rights violations and tort claims arising from Plaintiff's arrest and prosecution in municipal court for various building and fire code violations. Presently before the Court is a motion by defendants Town of Guttenberg ("Guttenberg"), Frank Leanza, James Caviello, David Della Donna, Anthony Casper, Frank Criscione (pled as Frank Craccione), Jennifer Cragedio, Gerald Drasheff (pled as Gerald Dratshfield), Adela Martinesz (pled as Adella Martinez), and Efrain Valez (pled as Effan Valez) (collectively, the "Defendants") to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). The motion is unopposed.[2] Also before the Court is "Plaintiff's

---

[1] In both their official and individual capacities.

[2] By letter dated January 24, 2008, Plaintiff advised the Court that he had not been served with Defendants' motion and that he learned of Defendants' motion only "after calling the court" on January 23rd. Defendants' counsel thereafter advised the Court that it had inadvertently failed

petition to include [Municipal Judge] Frank Carpenter to the defendant's list," which the Court shall construe as a motion to amend the Complaint.

The Complaint in this case purports to set forth the following causes of action, grouped as follows: (1) "Civil Rights Violations 42 U.S.C. § 1983, 1985, 1986 et seq., and Civil Code § 52;" (2) "Abuse of Judicial Power and Authority, bad faith act and malice;" (3) malicious prosecution; (4) trespassing, false arrest, false imprisonment, violation of Fourth Amendment; (5) "Denial of Due Process of the Law" under the 14th Amendment; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) "Malice."[3]  Defendants argue that dismissal of the instant action is warranted for several reasons.  Defendants assert that Plaintiff's claims are barred by the doctrine of res judicata and New Jersey's entire controversy doctrine; each defendant is entitled to absolute or qualified immunity; there is no basis for imposing municipal liability; and Plaintiff's tort claims are barred by New Jersey's Tort Claim Act.[4]  For the reasons set forth below, Defendants' motion

---

to serve Plaintiff with the motion papers.  Counsel advised that Plaintiff would be served immediately, and the Court adjourned the motion date to permit Plaintiff an appropriate time to respond.  Nevertheless, Plaintiff has failed to respond.

[3]Plaintiff also sets forth a claim for damages as the "Ninth Cause of Action."

[4]Defendants also argue that Complaint should be dismissed as a sanction for Plaintiff's failure to provide the proper Rule 11.2 certification (*i.e.*, whether the matter in controversy is the subject of any other pending action) in an earlier related state court action and in this action.  Pl. Brf. at 11.  Defendants claim as a result of Plaintiff's failure to provide this certification, Defendants were prejudiced because defense "counsel was unaware of the existence of the [this case]" when the parties negotiated the settlement of the state court action.  This argument is somewhat puzzling for several reasons, not the least of which is that, in the instant case, the Complaint itself should have given Defendants notice of the existence of this action whether or not it contained the Rule 11.2 certification.

to dismiss is granted and Plaintiff's motion to amend is denied.

Res Judicata and the Entire Controversy Doctrine

On July 30, 2003, Plaintiff filed a complaint in the District of New Jersey against defendants Leanza, Caviello, Guttenberg, Casper, and others not parties to the instant case alleging various civil right violations and torts relating to, among other things, the arrest of Plaintiff in July of 2002. On a motion by the defendant's for summary judgment, that complaint was dismissed with prejudice by Order entered April 18, 2005.

On April 20, 2006, Plaintiff filed a complaint in the New Jersey Superior Court against defendants Leanza, Caviello and Guttenberg (the "State Court Action"). The Complaint in the present matter was filed six days later, on April 26, 2006. On March 21, 2007, the parties settled the State Court Action, and a Voluntary Stipulation of Dismissal With Prejudice was entered in that case. Certification of Richard D. Picini ¶ 11.[5]

The claims against Leanza, Caviello and Guttenberg in the State Court Action are substantially identical to claims raised in the present action, with the exception of the allegations in the "Fourth Cause of Action." Indeed, most of the allegations in the present Complaint appear to have been "cut and pasted" from the complaint in the State Court Action. "When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of res judicata. *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) (citing *Chase Manhattan Bank, N.A. v. Celotex*

---

[5]Although there is no allegation of improper service of the complaint in the instant case, it appears that as a result of inadvertence and the similarity of the complaints in the State Court Action and the present action, defense counsel was unaware of the existence of the present case when it negotiated the settlement in the State Court Action. Picini Cert., ¶ 12.

3

*Corp.*, 56 F.3d 343, 345 (2d Cir.1995)).  Additionally, to the extent that the instant Complaint may attempt to assert claims against these three defendants that were raised in Plaintiff's previous federal action, *see, e.g.,* Compl. ¶ 5 (alleging that Plaintiff was "deprived of his liberty" in 2002), the principles of res judicata are again implicated.  Given the identity of the claims and parties in the three actions, the Court finds that the claims in the present case against Leanza and Caviello that were brought in the earlier actions, namely, all counts in the Complaint except the Fourth, are barred under res judicata principals.

      The only allegations against Leanza, Caviello and Guttenberg in the instant action that were not included in either of the earlier actions are found in the Complaint's "Fourth Cause of Action."  In this Count, Plaintiff alleges that three of the town's "inspectors," defendants Casper, Roberro and Lasil, trespassed on Plaintiff's property and illegally obtained evidence in issuing the summonses/complaints that resulted in the arrest and prosecution of Plaintiff.  Such evidence, according to Plaintiff, "should not have been admitted into evidence" against Plainitff.  Compl. ¶ 28.  Plaintiff further alleges that Leanza, Coviello, and Guttenberg, "ignored [P]laintiff's several complaints and covered up for the inspectors wrongdoing."  Compl. ¶ 28.  To the extent that these allegations purport to state a claim against Leanza, Caviello and Guttenberg, the Court finds that such a claim would be barred by New Jersey's entire controversy doctrine.

      Under the Full Faith and Credit Act, the Court is to apply the entire controversy doctrine in determining whether to give preclusive effect to the State Court Action. *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir.1997).  The entire controversy

doctrine, as set forth in Rule 4:30A of the New Jersey Rules of Civil Procedure, provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." "[T]he central consideration is whether the claims ... arise from related facts or the same transaction or series of transactions." *DiTrolio v. Antiles*, 142 N.J. 253, 662 A.2d 494, 502 (1995). Here, the Court finds that the claims in Plaintiff's Fourth Cause of Action against Leanza, Caviello and Guttenberg are related to the same underlying facts as the claims in the State Court Action, namely, the series of transactions relating to Plaintiff's prosecution by the municipality in 2006 for building and fire code violations. Therefore, those claims are precluded as to those defendants.[6]

Defendants Della Donna, Casper, Roberro and Lasil

According to the Complaint, Della Donna was the mayor of Guttenberg and Casper, Roberro and Lasil were "Township inspectors" (Casper, Roberro, and Lasil, collectively, the "Inspectors"). These parties are being sued in both their official and personal capacities. To the extent these defendants are being sued in their official capacities, the claims against them are really claims against Guttenberg. *See McMillian v. Monroe County*, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them.) As such, the Court finds that these claims should have been brought in the State Court Action, in which Guttenberg was a defendant, because the claims arise from the same series of transactions involving

---

[6]Had the Court found the claims against Leanza not barred, the Court would nevertheless dismiss the action as to him under the doctrine of judicial immunity.

Plainitff's 2006 prosecution for building and fire code violations. For example, the complaint in the State Court Action alleges that Plaintiff was "illegally prosecuted" and "was fined $610,000 based on a section in the law that had been repealed years ago." Picini Cert., Ex. E, ¶ 14. Similarly, the Fourth Cause of Action in the present case alleges, for example, that Plaintiff was prosecuted with evidence illegally obtained by the inspectors and, further, that Reberro "fined [Plaintiff] for a repieled [sic] section of law with the sum of $610,000." Consequently, the claims against defendants Della Donna, Casper, Roberro and Lasil in their official capacities are precluded in the current action by the entire controversy doctrine.

Moreover, to the extent that the Complaint purports to assert Fourth Amendment and Due Process claims against these defendants, the Court finds that the Complaint fails to state a claim. With respect to the Inspectors, the Complaint alleges these defendants "trespassed on the property located at 6911 Bergenline Avenue without any written consent from its owner . . . where they illegally obtained certain evidences." Compl. ¶ 28. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." Plaintiff's Fourth Amendment rights are implicated only if the conduct of the inspectors at issue in this case infringed "an expectation of privacy that society is prepared to consider reasonable." *O'Connor v. Ortega*, 480 U.S. 709, 714-715, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) (also noting that the Fourth governs the conduct of building inspectors). However, the Complaint states that Plaintiff is not the owner of 6911 Bergenline Avenue, and no other facts in the Complaint establish that Plaintiff would have had a reasonable expectation of privacy as to that property. As such, the Court finds that

Plaintiff's factual allegations are insufficient to state a Fourth Amendment claim. The Court likewise finds the factual allegations in the Fourth Cause of Action insufficient to state a Due Process claim, and, therefore, dismisses these claims against the Inspectors for failure to state a claim upon which relief can be granted rather.

With respect to Della Donna, the only factual allegations against him are that he "completely ignored plaintiff's several complaints [with respect to the inspectors' actions] and . . . covered up for the inspectors, wrong doing." Compl. ¶ 29, 35. Because the Complaint fails to establish a basis for a constitutional violation on the part of the inspectors, to the extent Plaintiff purports to assert Fourth Amendment and Due Process Claims against Della Donna, those claims fail as well.

Last, to the extent that Plaintiff's state law tort claims against these defendants in their individual capacity remain, the Court declines to exercise supplemental jurisdiction over the claims.

<u>Defendants, Criscione, Cragedio, Drasheff , Martinez, Valez</u>

Defendants Criscione, Cragedio, Drasheff, Martinez, Valez are named only in a single place in the Complaint -- in the caption. They are not referenced by name at all in the body of the complaint. According to Defendants' brief, Criscione, Drasheff, Martinez, and Valez are members of the town council. At ¶ 35 of the Complaint, Plaintiff alleges that he "complained to the Mayor, Della Donna, for Due Process, to no avail." Next to this paragraph, there is a short, handwritten notation which states, "Same with City Council members." The Court finds this factual allegation alone fails to support any claims against Criscione, Drasheff,

Martinez, and Valez.  Also, Cragedio is not referenced at all in the body of the Complaint, therefore, there are simply no allegations at all in the Complaint that support any claim for relief as to her.  Accordingly, the Complaint is dismissed as to these defendants for failure to state a claim upon which relief can be granted.

Motion to Amend

Plaintiff seeks to add Municipal Court Judge Frank Carpenter as a defendant to the instant action.  The Court finds that such an amendment would be futile, as it is clear from Plaintiff's motion that the claims he seeks to bring against Carpenter would be barred by the doctrine of judicial immunity.  Consequently, Plaintiff's motion to amend is denied.

Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted and Plaintiff's motion to amend is denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge